## IN THE UNITED STATES DISCTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOUIS PAGLIEI             :
4558 White Oak Lane     :    **CIVIL ACTION**
Bensalem, PA 19020      :
                             :    **NO.:** _____
              Plaintiff,      :
                             :
       v.                           :
                             :
FEDERAL EXPRESS CORPORATION  :
*d/b/a* FEDEX SHIP CENTER     :
160 Rittenhouse Circle      :
Bristol, PA 19007          :    **JURY TRIAL DEMANDED**
                             :
            Defendant.     :
                             :

### CIVIL ACTION COMPLAINT

Louis Pagliei (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Federal Express Corporation *d/b/a* FedEx Ship Center (*hereinafter* referred to as "Defendant") of the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait 1 full year before initiating a lawsuit from the date of dual-filing with the EEOC.  Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADEA.  Plaintiff's PHRA claims however will mirror identically his federal claims under the ADEA.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.     This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.     Plaintiff is proceeding herein under the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual with an address as set forth in the caption.

8.     Federal Express Corporation *d/b/a* FedEx Ship Center is a multinational courier delivery services company with retail shipping centers located in several states in the United

States (including in Pennsylvania).   Plaintiff was hired through and worked at a FedEx Ship Center located at the address as set forth in the caption.

9.      At all relevant times herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is a 59-year-old Caucasian male.

12.     Plaintiff worked for Defendant for approximately 30 years as a courier until his unlawful termination (as discussed *infra*) on or about December 27, 2017.

13.     During his tenure with Defendant, Plaintiff was generally supervised by Operations Manager, Jean Ralston (*hereinafter* "Ralston") and Senior Manager, Ernie Ortiz (*hereinafter* "Ortiz").

14.     Throughout his employment with Defendant, Plaintiff was a dedicated and hard-working employee who performed his job well.

### -Age Discrimination-

15.     Based on information and Plaintiff's observations/personal experiences, Ralston and Ortiz favored younger employees and exhibited discriminatory animus towards Plaintiff and other older employees.  For example, but not intended to be an exhaustive list:

      a.  Ralston and Ortiz blatantly treated employees, including Plaintiff, who were more advanced in age, in a derogatory, demeaning, and condescending manner, including but not limited to overly scrutinizing and criticizing their work;

3

b. Unlike Plaintiff's younger co-workers, Ralston and Ortiz selectively enforced policies against Plaintiff and his older co-workers;

c. Ortiz commented multiple times to Plaintiff that Plaintiff was getting too "old" for this job and may "need to retire;"

d. When Plaintiff questioned Ortiz about certain policies, Ortiz would say that "if [you] don't like it, just retire and leave"; and

e. Ortiz commented several times in close proximity to Plaintiff's termination that Plaintiff "make[s] too much money for what [he] does."

16.     Plaintiff interpreted Ortiz's repeated comments about retiring as relating to his age and perceived such comments as age discrimination.[2]

17.     After observing the aforementioned instances of age discrimination and disparate treatment for months, Plaintiff was abruptly terminated by Ortiz on December 27, 2017, for an alleged custodial control rule violation (a package was stolen from Plaintiff's truck).

18.     However, other younger employees had violated the same or similar rules during their employment with Defendant, but were not disciplined or terminated for same (even though some of those individuals committed terminable offenses).

19.     Plaintiff was treated disparately with respect to work assignments, discipline, and termination contrary to individuals substantially younger than him.

20.     Upon information and belief, after Plaintiff was terminated, his position was filled by a much younger and less-experienced courier named Lance Massuli.

---

[2] It is well recognized that any suggestion an employee "retire" constitutes objective evidence of age discrimination (let alone multiple times in an adamant manner). *See, e.g., Sesso v. Mercy Suburban Hosp.*, 2013 WL 961625, at *4 (E.D. Pa. 2013) (explaining any suggestion that any employee retire is evidence of discriminatory animus based on age and holding such statements are sufficient if credited by a jury to find a termination based upon age discrimination).

4

21.    Therefore, Plaintiff believes and avers the rationale given for his termination was completely pretextual and that he was really terminated because of his age.

### -Racial Discrimination-

22.    Separately and apart from the age discrimination and harassment that Plaintiff was subjected to during his employment with Defendant (discussed *supra*), Plaintiff was also subjected to discrimination based on his race.

23.    During Plaintiff's employment with Defendants, he was subjected to discrimination through disparate treatment, pretextual admonishment, and termination because of his race.

24.    Plaintiff was abruptly terminated on or about December 27, 2017, and told the purported reason for his termination was that he allegedly violated a custodial control rule (a package was stolen from his truck).

25.    Upon information and belief, other non-Caucasian (particularly African-American/Black) employees committed the same or similar terminable offenses and were not terminated for same or were immediately re-hired through Defendant's internal grievance process.    For example, a courier, Lee Jenkins (African-American/Black) was allegedly terminated for violating Defendant's anti workplace violence policy by hitting a manager; however, he was given his job back by Defendant's Vice President, Sam Nesbit (African-American/Black).

26.    By way of further example, another courier (African-American/Black) had lost or misdelivered over 40 packages but was never disciplined or terminated for his conduct.

27.    Plaintiff believes and therefore avers that he was really terminated because of his race.

5

## COUNT I
## Violation of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination – Wrongful Termination & Hostile Work Environment)

28.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29.     Toward the end of Plaintiff's tenure with Defendant, Defendant's management made several comments to Plaintiff about Plaintiff being to "old" and needing to retire.

30.     Plaintiff was abruptly terminated on or about December 27, 2017, and told the purported reason for his termination was that he allegedly violated a packaging rule.

31.     However, other younger employees had violated the same or similar rules during their employment with Defendant, but were not disciplined or terminated for same (even though some of their violations should have been terminable offenses).

32.     Plaintiff was treated disparately with respect to work assignments, discipline, and termination contrary to individuals substantially younger than him.

33.     Upon information and belief, after Plaintiff was terminated, his position was filled by a much younger and less-experienced courier named Lance Massuli.

34.     Plaintiff believes and therefore avers that he was subjected to a hostile work environment, and ultimately terminated from Defendant because of his advanced age.

35.     These actions as aforesaid constitute unlawful age discrimination under the ADEA.

## COUNT II
## Violation of 42 U.S.C. Section 1981
### (Racial Discrimination – Wrongful Termination)

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. During Plaintiff's employment with Defendants, he was subjected to discrimination through disparate treatment, pretextual admonishment, and termination because of his race.

38. Plaintiff was ultimately terminated from Defendants on about December 27, 2017, for completely pretextual reasons.

39. Plaintiff believes and therefore avers that he was really terminated because of his race.

40. These actions as aforesaid constitute unlawful discrimination under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  December 28, 2018

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Louis Paglici | : | CIVIL ACTION |
| v. | : | |
| Federal Express Corporation d/b/a Fedex Ship Center | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| | | |
|---|---|---|
| 12/28/2018 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  4558 White Oak Lane, Bensalem, PA 19020

Address of Defendant:  160 Rittenhouse Circle, Bristol, PA 19007

Place of Accident, Incident or Transaction:  Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  12/28/2018   _____   ARK2484 / 91538
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,  Ari R. Karpf , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE:  12/28/2018   _____   ARK2484 / 91538
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PAGLIEI, LOUIS

## DEFENDANTS

FEDERAL EXPRESS CORPORATION d/b/a FEDEX SHIP CENTER

**(b)** County of Residence of First Listed Plaintiff __Bucks__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Bucks__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|  |  |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621); Section 1981 (42USC621)
Brief description of cause:
Violations of the ADEA, Section 1981 and PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  12/28/2018

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print      Save As...      Reset